IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NOS.


WR-77,879-01

WR-77,879-02

WR-77,879-03





EX PARTE JASON MARK HUTCHINS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. B09-155, B09-156, AND B09-157


IN THE 198TH DISTRICT COURT FROM KERR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
manufacturing methamphetamine, possessing chemicals to manufacture methamphetamine, and
endangering a child. He was sentenced to concurrent terms of twenty years' incarceration for each
offense. There were no direct appeals.

 Applicant raises several claims in his writ applications, including claims of ineffective
assistance of trial counsel, and he has alleged facts that, if true, might entitle him to relief. Smith v.
Robbins, 528 U.S. 259, 285-86 (2000); Strickland v. Washington, 466 U.S. 668 (1984); Ex parte
Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim. App. 2000). There is no response from trial counsel in
the record provided to this Court, and there are no findings from the trial court. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 

 The trial court shall order counsel to respond to Applicant's claims of ineffective assistance
and explain applicable strategy and tactical decisions. In doing so, the trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding the claims raised
in the writ applications. The trial court may also make any other findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: September 12, 2012

Do not publish